COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges McCullough and Decker
Argued at Chesapeake, Virginia

NORMAN LEO MADISON

v.      Record No. 2226-13-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
CHIEF JUDGE WALTER S. FELTON, JR.
OCTOBER 7, 2014

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

W. McMillan Powers, Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Benjamin H. Katz, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Norman Leo Madison ("appellant") appeals his conviction of assault and battery of a law

enforcement officer, in violation of Code § 18.2-57, following a jury trial in the Circuit Court of the

City of Portsmouth ("trial court"). He contends the trial court erred by denying his challenge to the

Commonwealth's use of peremptory strikes to remove four African-American members of the

venire. He specifically contends that the Commonwealth's articulated justification for removing

four African-American members of the venire was a pretext for unconstitutional discrimination.

I.  BACKGROUND

The underlying facts of appellant's conviction are not at issue. Appellant's sole assignment

of error relates to his contention that the trial court erred by denying his challenge to the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

Commonwealth's use of peremptory strikes to remove four African-American members of the venire.[1]

At trial, during *voir dire*, the Commonwealth exercised its peremptory strikes to remove Regina Potts, Jesse Council, Vivian White, and Janice Whitehead, all of whom are African-American. Appellant challenged the Commonwealth's peremptory strikes pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).[2] Appellant asserted that, "Of the jurors struck by [the Commonwealth,] it appears they're all African-American. None of them seemed to answer any questions that would make them appear to be detrimental to the Commonwealth's case." The trial court found that appellant made a *prima facie* showing of purposeful discrimination under Batson. The trial court then afforded the Commonwealth an opportunity to provide a race-neutral reason for its peremptory strikes. The Commonwealth explained that it struck Potts and Council because of their prior experience with law enforcement.[3] The trial court accepted the Commonwealth's explanation as sufficiently race-neutral as to not be purposefully discriminating, observing, "We'll leave those two [strikes]."

With respect to the Commonwealth's peremptory strikes to remove Whitehead and White, the Commonwealth explained that it possessed no basis for striking any remaining members of the venire. In the absence of a compelling reason to strike any of the remaining

---

[1] On May 16, 2014, in a *per curiam* order, this Court directed the parties to address whether consideration of appellant's assignment of error was barred pursuant to Buck v. Commonwealth, 247 Va. 449, 443 S.E.2d 414 (1994), and its progeny.

[2] Batson, 476 U.S. at 89 (excluding a potential juror solely on the basis of the juror's race is purposeful discrimination and a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution).

[3] During *voir dire*, both Potts and Council indicated that an immediate family member had been arrested or convicted of an offense.

veniremen, the Commonwealth stated it selected White and Whitehead solely because their names appeared at the bottom of the alphabetical list of the venire members.[4]

The trial court accepted the Commonwealth's explanation as race-neutral, noting, "All right. I'm going to let it go." In response, appellant stated, "Just note my objection for the record, Your Honor."

At trial, the jury found appellant guilty of assault and battery of a law enforcement officer, in violation of Code § 18.2-57. The trial court imposed the jury's recommended sentence of two years' incarceration.

## II. ANALYSIS

Appellant asserts that the Commonwealth's proffered explanation for the exercise of its peremptory strikes to remove four African-American persons from the venire was a pretext for racial discrimination. Accordingly, appellant asserts the trial court erred by overruling his Batson challenge to the Commonwealth's use of its peremptory strikes to remove four African-American individuals from the venire.

"In Batson v. Kentucky, 476 U.S. 79, 89 (1986), the United States Supreme Court held that excluding a potential juror solely on the basis of the juror's race is purposeful discrimination and a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution." Jackson v. Commonwealth, 266 Va. 423, 435, 587 S.E.2d 532, 542 (2003). As this Court held in Lightfoot v. Commonwealth, 50 Va. App. 723, 653 S.E.2d 615 (2007):

> Under Batson's three-step test, a defendant asserting such a violation initially must show that the individual is a member of a cognizable racial group, and make a *prima facie* showing that the peremptory strike was made on racial grounds. [If] a *prima facie* case is put before the court, the burden shifts to the prosecution to produce race-neutral explanations for striking the juror. The defendant can then argue that the prosecution's explanations were purely a pretext

---

[4] The Commonwealth told the trial court, "Your Honor, there was no other basis that I had for striking any of the jurors, so I started from the bottom and worked my way up."

> for unconstitutional discrimination. Under each of <u>Batson's</u> three steps, however, the burden of persuasion rests with, and never shifts from, the opponent of the strike.

<u>Lightfoot</u>, 50 Va. App. at 727, 653 S.E.2d at 617-18 (internal citations and quotations omitted).

In <u>Buck v. Commonwealth</u>, 247 Va. 449, 451, 443 S.E.2d 414, 415 (1994), the accused, an African-American man, challenged the Commonwealth's use of its peremptory strikes to remove two African-American members of the venire. The Commonwealth explained to the trial court that it struck one African-American woman because of her marital status, and one African-American man because of his manner of dress and his place of residence. Before the trial court determined whether the Commonwealth's articulated justification for the strikes was race-neutral, it provided Buck the opportunity to explain why he believed the Commonwealth's reasons were pretextual. Buck stated, "My concern was that the jurors are not representative of the population. There were three blacks on the panel. We now only have one, and I would think more significant reasons than what was given should be shown." <u>Id.</u> at 452, 443 S.E.2d at 416. However, on appeal, Buck asserted that the Commonwealth's explanations for its peremptory strikes were pretextual because they were inconsistently applied, based on a mistake of fact, and based on improper generalizations.

The Supreme Court held that Buck failed to present the same arguments to the trial court that he presented on appeal. The Court held:

> Nothing in [Buck's] statement informed the trial court that Buck believed that the reasons advanced were pretextual because they were inconsistently applied, nor did Buck's statement advise the court that the reasons were based on a mistake concerning an address, an improper assumption of toleration for drug-related crimes, or erroneous inferences drawn from the wearing of an athletic jacket.

<u>Id.</u> As a consequence of Buck's failure to present to the trial court the same arguments he raised on appeal, the Court applied Rule 5:25 to bar its consideration of Buck's assertion of trial court error. <u>Id.</u> at 452-53, 443 S.E.2d at 416.

- 4 -

Here, appellant did not assert to the trial court, as he does for the first time on appeal, that the Commonwealth's explanation for striking four African-American members of the venire was a pretext for racial discrimination. After the trial court accepted the Commonwealth's explanation for its peremptory strikes as race-neutral, appellant was required to show to the trial court that the Commonwealth's "explanations were purely a pretext for unconstitutional discrimination." Lightfoot, 50 Va. App. at 727, 653 S.E.2d at 618. However, in response to the Commonwealth's explanation for its peremptory strikes, appellant stated only, "Just note my objection for the record, Your Honor." Appellant is barred from asserting, for the first time on appeal, that the trial court erred by overruling his Batson challenge because the Commonwealth's explanation for its peremptory strikes was merely a pretext for racial discrimination.

Because appellant failed to present to the trial court the argument he makes for the first time on appeal, the Court will not consider his assignment of trial court error. Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling . . . ."). Accordingly, we affirm the judgment of the trial court convicting appellant of assault and battery of a law enforcement officer, in violation of Code § 18.2-57.

Affirmed.